## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

CIABATTINO McSHAN,

        Movant,

v.   CIVIL ACTION NO. 3:03-0324
(Criminal Action No. 3:00-00111-01)

UNITED STATES OF AMERICA

        Respondent.

### MEMORANDUM OPINION AND ORDER

Before the Court are Petitioner Ciabattino McShan's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 and Movant's Petition to Traverse Magistrate's Recommendation. For the reasons stated below, Magistrate Taylor's findings and recommendation are **ADOPTED in part**, Movant's objections are **DENIED in part**. Movant's allegations of ineffective assistance of counsel for counsel's failure to object to the superceding indictment will not be decided without further briefing by the parties. The Court **ORDERS** the parties to submit additional briefing as to: the viability of the superceding indictment under the Speedy Trial Act, whether defense counsel should have sought dismissal of Count I of the superceding indictment, and if so, whether the dismissal would have been with or without prejudice. The Court **ORDERS** Movant to supplement his motion by December 1, 2006, with the response due within the usual time frame. Movant's motion is **DISMISSED in part** as to all other allegations.

## STATEMENT OF THE CASE

On May 4, 2000, a Complaint was filed against the Movant, Ciabattino McShan (named as Mark Harrell) for violation of 21 U.S.C. § 846, conspiracy to distribute cocaine base. The Complaint detailed that Movant traveled from Toledo, Ohio to Huntington, West Virginia for the purchase and sale of crack cocaine on May 3, 2000. Attached to the Complaint was a signed confession regarding this transaction with a sentence indicating Movant had completed the same transaction in April 2000. On May 26, 2000 Movant was charged by indictment for a single count of violating 21 U.S.C. § 841(a)(1). The indictment did not include the charge in the Complaint and only referred to the May 3, 2000 aiding and abetting of the possession of crack cocaine with the intent to deliver.

Trial was delayed numerous times. Movant submitted to psychological testing as to whether he was able to knowingly and voluntarily confess to the crimes. By Order on July 12, 2001, the Court found Movant's statements were voluntary and denied suppression of the statements made to police officers at the time of his arrest. Trial was set for January 23, 2001. On January 17, 2001 a two count superceding indictment was returned by the Grand Jury. The superceding indictment added the charge of violating 21 U.S.C. § 846, conspiracy to distribute cocaine base, as Count I, and included the activities of Movant as stated in the Complaint. The superceding indictment retained the original charge as Count II. Trial date was reset, and further motions and psychological evaluations were conducted to determine whether Movant was competent to stand trial. The Court determined Movant was competent. Movant was found guilty by a jury on September 6, 2001 of both counts under the superceding indictment.

On November 26, 2001 Movant was sentenced to concurrent terms of 160 months imprisonment to be followed by five years of supervised release. Movant was ordered to pay two special assessment fees according to 18 U.S.C. § 3013. Movant appealed his conviction and sentence, arguing this Court erred in not allowing him to admit expert testimony regarding the affirmative defense of diminished capacity. The Fourth Circuit held that Movant was not in compliance with disclosure requirements under Fed. R. Crim. P. 16(b)(1)(C). United States v. McShan, 39 Fed. Appx. 904, 905 (4th Cir. 2002).

On April 23, 2003, Movant filed the current Motion to Vacate Sentence claiming ineffective assistance of counsel. Pursuant to 28 U.S.C. § 636(b) and a standing order, Movant's motion was referred to Magistrate Judge Taylor for proposed findings and recommendations. In August 2006, Magistrate Judge Taylor entered his proposed findings and his recommendation that Movant's motion be denied. Movant objects to the proposed findings and recommendation.

## **ANALYSIS**

Movant presents an ineffective assistance of counsel claim based on the following allegations: counsel failed to properly present the affirmative defense of diminished capacity, failed to raise a challenge to Count I of the superceding indictment as a violation of the Speedy Trial Act, failed to object to the court imposing a sentence for crack cocaine, rather than powder cocaine, and failed to object to the factual determination of the amount of cocaine base he was liable for in the charge.

## Standard of Review

Movant objects to many of the Magistrate Judge's findings and his recommendation, therefore this Court's review is *de novo*. 28 U.S.C. § 636(b)(1)(C). The Court will address each of Movant's grounds for relief below.

## Ineffective Assistance of Counsel

Movant offers several arguments in support of his ineffective assistance of counsel claim. In order to prevail on this claim, Movant needs to show that "counsel's representation fell below an objective standard of reasonableness," and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Accordingly, this Court looks to each ineffective assistance claim to determine 1) if the described conduct was objectively unreasonable, and if so 2) if counsel's errors were the "but for" cause of Movant's conviction. Under Strickland the Court does not need to address either prong of the test in a particular order, and does not need to address both "if the defendant makes an insufficient showing in one." Id. at 694.

First, Movant argues that counsel failed to comply with the disclosure requirements of Fed. R. Crim. P. 16 and 12.2 in order to present Movant's defense of diminished capacity. Movant asserts counsel failed to have the expert witness, Ms. Kelly, diagnose him as having diminished capacity or provide the government with Fed. R. Crim. P. 16(b)(1) and 12.2 notice of expert testimony regarding the insanity defense. The Court agrees with Magistrate Taylor's assessment that "counsel's alleged deficiencies with respect to Movant's purported 'diminished capacity' did not prejudice his defense." (Findings and Recommendations 2).

The Court notes that there is some disagreement in the Circuits and even within the Fourth Circuit about whether the diminished capacity affirmative defense is viable after the enactment of 18 U.S.C. § 17.  In the 1988 unpublished opinion of United States v. Hood 857 F.2d 1469 (4th Cir. Aug. 3, 1988) the Court held that 18 U.S.C. § 17 abolished diminished capacity as a defense by specifically defining the affirmative defense and excluding other mental defect defenses.  18 U.S.C. § 17 defines the affirmative defense as "a result of a severe mental disease or defect, [Defendant] was unable to appreciate the nature and quality or the wrongfulness of his acts."  18 U.S.C. § 17 further states, "[m]ental defect does not otherwise constitute a defense."  The Hood decision has been followed to either deny or limit the use of the defense.  In the Fourth Circuit, "mental abnormality, apart from establishing an insanity defense, may only be admitted in the very narrow circumstances where the trial judge concludes that it will negate specific intent or other mens rea." United States v. Robinson, 804 F. Supp. 830, 832 (W.D. Va. 1992).  See also United States v. Worrell, 313 F.3d 867, 872 (4th Cir. 2002).

The diminished capacity evidenced in the psychiatric reports by Ms. Kelly, a licensed psychiatrist, or the Federal Medical Center in Butner show mild retardation at most.  Admission of the evidence of diminished capacity, even if found by the expert witness, does not lead to any evidence that "would support an argument that movant's mental condition negated an ability to form the specific intent required to establish guilt under the conspiracy and intent to distribute counts for which he was convicted." (Findings and Recommendations 5).  The Court adopts the recommendation of Magistrate Taylor on this issue.

Next, Movant argues that counsel failed to object to Count I of the superceding indictment as a violation of the Speedy Trial Act, 18 U.S.C. § 3161.  The Court withholds decision

on this matter until the parties have an opportunity to fully brief the Court on this issue, both factually and legally. Movant was arrested on May 3, 2000, under a complaint filed for one count of conspiracy to distribute cocaine base under 21 U.S.C. § 846. Movant was initially charged under a single count indictment returned May 25, 2000 for aiding and abetting possession of cocaine base with intent to distribute under 21 U.S.C. § 841. Thereafter, on January 17, 2001 a two count superceding indictment was returned adding a charge of conspiring to distribute more than fifty grams of cocaine base under 21 U.S.C. § 846. The additional count to the indictment mirrors the charge listed in the Complaint filed against Movant in May. Movant asserts that Count I, conspiracy to distribute 50 grams or more of cocaine base, was filed more than thirty days after his arrest on the complaint and was therefore in violation of 18 U.S.C. § 3161, Speedy Trial Act.

Under 18 U.S.C. § 3161, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." The law in the Fourth Circuit is not settled on the issue of under what factual scenarios the Speedy Trial Act governs superceding indictments. There is a delineation, which appears to be supported in the case law in the Fourth Circuit, that is applicable to this case. If the superceding indictment adds new charges, not stated in the complaint, the Speedy Trial Act does not govern those charges. If the superceding indictment adds a charge that was originally in the complaint but not in the initial indictment the Speedy Trail Act appears to govern the superceding indictment. The cases relied on by Magistrate Taylor and the government illustrate the first scenario.

If the superceding indictment adds a new charge, not in the complaint, or new information to the charge in the initial indictment, courts will not dismiss the superceding

indictment, even if filed more than 30 days after the complaint was filed. The fact specific review necessary for the determination indicates the cases relied on by the government and by Magistrate Taylor are distinguishable from Movant's case since they fall under the additional information scenario. E.g. United States v. Mosquera, 95 F.3d 1012, 1013 (11th Cir. 1996) (this case regarded a "superseding indictment which included additional charges" and was not found to be governed by the Speedy Trial Act time frame); see also United States v. Hemmings, 258 F.3d 587, 590 (7th Cir. 2001) ("the government filed a superseding indictment, adding Counts 4 and 5. The superseding indictment also added the word 'knowingly' to the first three counts.").

The cases found by the Court seem to suggest that Section 3161 of the Speedy Trial Act only covers charges that are in the original complaint. A plain reading of the Act's sanctions states that if the indictment is not filed within the time period "such charges against that individual contained in such complaint shall be dismissed." See 18 U.S.C. § 3162 (emphasis added). The sanctions are related only to the charges in the complaint. "Importantly, the STA does not limit the Government's ability to charge a defendant with offenses unrelated to the charge underlying his arrest." See United States v. Leftenant, 341 F.3d 338, 343 (4th Cir. 2003) (a case reviewing a delayed indictment on a charge different than in the complaint. The Court focused on whether the delayed indictment was the same as the charge in the complaint and, if so, the indictment had to follow the Speedy Trial Act and be returned within 30 days of the complaint.). See also United States v. Heldt, 745 F.2d 1275, 1280 (9th Cir. 1984) ("Charges not included in the original complaint are not covered by the Act and are restricted only by 'the applicable statute of limitations, the due process clause of the fifth amendment, the general sixth amendment right to a speedy trial, and the power of the court to dismiss a case in its entirety' under Rule 48(b).").

The cases appear to indicate that if the superceding indictment includes an additional charge that was in the complaint, but not in the initial indictment, the charges added in the superceding indictment should be dismissed if not filed within the time frame. Simply stated, the thirty day rule applies only to the charges in the original complaint, and not superceding indictments. United States v. Cherry, 940 F.2d 653 (4th Cir. Aug. 12, 1991)(unpublished) citing Heldt, 745 F.2d 1275 ("As is apparent from a plain reading of the statute, the sanction of dismissal set forth in the latter section is applicable only when the defendant is charged by complaint yet not indicted for the offense charged in the complaint within thirty days of the arrest. The dismissal sanction of § 3162(a)(1) has been interpreted to require only the dismissal of the charge set forth in the complaint, as opposed to subsequent charges."). The focus of review is whether the additional charge in the superceding indictment is based on the same conduct which was in the original complaint but not charged in the initial indictment.

The Court is aware that the Ninth Circuit decided a case similar to this one, and found defense counsel was deficient for not moving to dismiss the count in the subsequent indictment. See United States v. Palomba, 31 F.3d 1456, 1464 (9th Cir. 1994) ("the superseding indictment charged [Defendant] in an untimely manner with an offense which was contained in the complaint but which was not preserved against Section 3162(a)(1) dismissal either by such facial factual differences or by inclusion in the timely original indictment. Accordingly, defense counsel erred in failing to move for dismissal of the mail fraud charges untimely raised in the superseding indictment under Section 3161(c) of the STA.").

A review of the Complaint, initial indictment and superceding indictment indicate the charge added in the superceding indictment was the same charge as in the Complaint but not in

the initial indictment. Under the decisions in Cherry and Palomba it appears counsel for Movant should have motioned the Court for dismissal of Count I of the Complaint. The Court requires additional briefing and argument to give the parties an opportunity to address these and other cases.

Whether in this situation the Movant suffered prejudice if his counsel committed error is still at issue. See United States v. Cook, 48 F. Supp. 2d 776, 777 (D. Ill. 1999) ("Even if there were a Speedy Trial Act violation. . . [Defendant] could not show a reasonable probability that, but for his counsel's alleged error, the result of the proceedings would have been different . . . [Defendant] offers nothing to indicate his indictment would have been dismissed with prejudice, especially given the factors to be considered in making that determination, 18 U.S.C. § 3162(a)(1)."). Had counsel motioned the Court for a dismissal of Count I, the Court would need to determine whether to dismiss with or without prejudice. If the Court dismissed without prejudice, the government could simply re-indict the Movant, in which case, Movant would not have been prejudiced by counsel's failure to motion the Court for dismissal of Count I. On the other hand, if the Court determined Count I of the indictment should be dismissed with prejudice, the charge could not be re-filed, and the Movant may have suffered prejudice from counsel's actions.

The Court requests briefing on whether defense counsel should have sought dismissal of Count I of the superceding indictment, and if so, whether the dismissal would have been with or without prejudice. Also, the Court directs the parties to discuss whether Movant was prejudiced if counsel erred. The Court withholds decision on this issue until further briefing. At this time, the Court does not adopt Magistrate Taylor's recommendation on this issue.

In addition, Movant argues that counsel failed to object to the sentence imposed for crack cocaine rather than powder cocaine. At issue is the 1997 amendment to the Sentencing

-9-

Guidelines, which defined cocaine base as crack, indicating that "crack" was the street name for cocaine base, "usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy rocklike form." U.S. Sentencing Guidelines Appx § 2D1.1. Movant argues that the government did not prove the substance found in his presence was "crack." Movant fails to note that he described the substance as "crack" in his written statement on May 3, 2000. There is also testimony from Christopher Chang, a chemist, that the substance was "cocaine base" and although other Circuits may find there is an issue as to whether cocaine base and cocaine are the same substance, this Circuit does not debate such an issue. United States v. Fisher, 58 F.3d 96, 99 (4th Cir. 1995); United States v. Ramos, 05-4187, 2006 WL 2530397 (4th Cir. Sept. 5, 2006) ("Subsequent to Fisher, we have treated cocaine base and crack interchangeably."). The Court adopts the recommendation of Magistrate Taylor on this issue.

Movant further argues that counsel failed to object to the sentence imposed for Count II of the indictment. In making his argument Movant asserts that the record is devoid of any determination regarding the amount of the controlled substance used for sentencing purposes of Count II. The jury and the district court made independent findings as to Count II and the amount of drugs. Further, the Court properly grouped the offense amount together when determining the base level offense. U.S. Sentencing Guidelines § 3D1.2 indicates grouping is appropriate for the two counts in determining the base offense and amount of total drugs to be applied in calculations. Movant also notes that he was ordered to pay a special assessment twice, one for each conviction. The assessment under 18 U.S.C. § 3013 is to applied "for each count of conviction." See U.S. Sentencing Guidelines U.S.S.G. § cmt. 3. Movant's argument that this double assessment and counsel's failure to object caused him prejudice is without merit. There was no legal basis for

counsel to object to the double assessment. The Court adopts the recommendation of Magistrate Taylor on this issue.

### *Apprendi*'s Application to Sentencing Enhancements and Relevant Conduct

Finally, Movant asserts that counsel erred by failing to object to enhancements used by the Court in sentencing. Movant relied on Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005). Apprendi and Booker do not apply retroactively on collateral review. United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005). Counsel cannot be held ineffective for failing to anticipate "a new rule of law." Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995). The Court adopts the recommendation of Magistrate Taylor on this issue.

### CONCLUSION

The record conclusively demonstrates that only one of the claims offered by the Movant may entitle him to relief. The Court **ORDERS** the parties to submit additional briefing as to: the cases noted in the Opinion regarding whether the Speedy Trial Act covers the superceding indictment in this case and on whether defense counsel should have sought dismissal of Count I of the superceding indictment, and if so, whether the dismissal would have been with or without prejudice. The Court **ORDERS** Movant to supplement his motion by December 1, 2006, with the response due within the usual time frame. Accordingly, the Court **ADOPTS in part** the Findings and Recommendation of the Magistrate Judge, **DENIES in part** Movant's objections, **DENIES** the Movant's request for an evidentiary hearing, and **DISMISSES in part** Movant's motion.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 1, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE