# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

CIABATTINO McSHAN,

          Movant,

v.                               CIVIL ACTION NO. 3:03-0324
                                   (Criminal Action No. 3:00-00111-01)

UNITED STATES OF AMERICA

          Respondent.

## MEMORANDUM OPINION AND ORDER

On November 1, 2006, this Court entered a Memorandum Opinion and Order that adopted, in part, the Findings and Recommendations of the Magistrate Judge, denied, in part, Movant Ciabattino McShan's objections, denied his request for an evidentiary hearing, and dismissed, in part, his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The Court did not rule on Movant's allegations of ineffective assistance of counsel for failing to object to Count One of the superceding indictment. Instead, the Court directed the parties to submit further briefing on the viability of Count One under the Speedy Trial Act. The Court also sought briefing on whether defense counsel should have moved to dismiss Count One, and if so, whether the dismissal would have been with or without prejudice. Thereafter, Movant appealed the Court's decision to the Fourth Circuit Court of Appeals. The Fourth Circuit determined the decision was not a final or otherwise appealable order and, therefore, dismissed the appeal. *U.S. v. McShan*, No. 06-7934, 225 Fed.Appx. 96 (4th Cir. 2007) (unpublished). As briefing on the remaining issue is now complete,

the Court **ADOPTS AND INCORPORATES HEREIN** the Findings and Recommendation of the Magistrate Judge on this remaining issue.

**I.**
**FACTS**

As explained in this Court's previous Memorandum Opinion and Order, a Complaint was filed against Movant on May 4, 2000, for conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846.[1] The factual allegations in the Complaint are that, on May 3, 2000, Movant and Joseph Riley traveled to Huntington, West Virginia, from Toledo, Ohio, to sell crack cocaine that was given to them by another individual. Officers were advised of the activity and went to the apartment where Movant and Mr. Riley were located. Officers found one and one-half ounces of cocaine base in a rice jar in the kitchen of the apartment.

On May 25, 2000, Movant and Joseph Riley were charged in a single count indictment alleging:

> On or about May 3, 2000, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia, defendants Mark Harrell and Joseph Riley, aided and abetted by each other, knowingly and intentionally possessed with intent to distribute cocaine base, a Schedule II controlled substance.
>
> In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

---

[1]Movant is identified as Mark Harrell in the Complaint and original indictment.

After several trial delays, the grand jury returned a two count superceding indictment against Movant and Mr. Riley on January 17, 2001. Count One alleged Movant and Mr. Riley conspired with others to knowingly and intentionally distribute more than 50 grams of cocaine base from on or about April 2000 to on or about May 3, 2000, in violation of 21 U.S.C. § 846.[2] Count Two is nearly identical to the original indictment except that it added "more than 5 grams of cocaine base" to the charge and it changed Movant's name to "Ciaabattino Rafael McShan, also known as 'Mark Harrell.'" On September 6, 2001, Movant was found guilty of both counts and subsequently was sentenced to concurrent terms of 160 months imprisonment followed by five years of supervised release.

## II.
## DISCUSSION

Movant appealed his conviction, but the Fourth Circuit affirmed his conviction on July 15, 2002. *U.S. v. McShan*, No. 01-4984, 39 Fed.Appx. 904 (4th Cir. 2002). Thereafter, Movant

---

[2]Count One provides in full:

> From in or about April 2000, to on or about May 3, 2000, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia and elsewhere, defendants CIAABATTINO RAFAEL McSHAN, also known as "Mark Harrell," and JOSEPH RILEY, and other persons whose identities are both known and unknown to the Grand Jury, knowingly conspired to commit offenses in violation of 21 U.S.C. § 841(a)(1), that is knowingly and intentionally to distribute more than 50 grams of cocaine base, a Schedule II controlled substance.
>
> In violation of Title 21, United States Code, Section 846.

filed the pending § 2255 motion. In relevant part, Movant argued that "'because count 1 was filed more than thirty days after petitioner's arrest on the complaint,' it was 'in violation of 18 U.S.C. § 3161(b)' and '[c]ounsel should have moved for dismissal under § 3162(a)(1).'" *Findings and Recommendation*, at 7 (Aug. 18, 2006) (quoting *Petitioner's Motion Pursuant to 28 U.S.C. § 2255*, at 7). Section 3161(b) provides, in part, that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3162(b), in part. As recognized by the Magistrate Judge, the original indictment was obviously filed within the thirty day window. However, Movant contends that his counsel should have moved to dismiss the conspiracy count in Count One of the superceding indictment under the Speedy Trial Act because it was not contained in the original indictment and it was not filed within thirty days of his arrest. Although the Magistrate Judge found no Fourth Circuit case on point, he recommended following those cases which find no violation of § 3161(b) for "'[a] superseding indictment that issues more than thirty days after the arrest, but before the original indictment is dismissed . . . .'" *Findings and Recommendation*, at 7-8 (quoting *United States v. Mosquera*, 95 F.3d 1012, 1013 (11th Cir. 1996); also citing *United States v. Hemmings*, 258 F.3d 587, 592 (7th Cir. 2001) (noting "[s]everal circuits have also held that superseding indictments filed longer than thirty days after an arrest which add charges to those contained in the original indictment do not violate the Speedy Trial Act") (citations omitted)).

Movant objected to the Findings and Recommendation and, upon review, this Court ordered further briefing on the matter. The Court expressed concern that Count One of the

superceding indictment "mirrors the charge listed in the Complaint[.]" *Memorandum Opinion and Order*, at 6  After considering the matter more fully in light of the additional briefing, the Court concludes that the offense charged in the Complaint and offense in Count One of the superceding indictment are sufficiently different as to not violate the Speedy Trial Act.

As noted by the Government, the dates of the alleged conspiracy differ from the Complaint and Count One of the superceding indictment.  The Complaint alleges a conspiracy for "[o]n or about May 3, 2000" while Count One of the superceding indictment alleges a conspiracy "[f]rom in or about April 2000, to on or about May 3, 2000[.]"  Likewise, the conspirators differ between the Complaint and Count One.  The Complaint only alleges a conspiracy between Movant and Mr. Riley.  Count One alleges a conspiracy amongst Movant, Mr. Riley, and "other persons whose identities are both known and unknown to the Grand Jury . . . ."  In addition, the amount of drugs differs between the Complaint and Count One.  The Complaint states that one and one-half ounces of cocaine base were found during the search of the apartment, which converts into approximately 43 grams of cocaine base.  However, Count One alleges conspiracy to "knowingly and intentionally . . . distribute more than 50 grams of cocaine base. . . ."  Moreover, the potential statutory penalties differ between the Complaint and Count One in that a conviction based upon the Complaint may result in imprisonment for up to twenty years, while the statutory penalty under Count One is not less than 10 years nor more than life imprisonment.

Although the Court found in its earlier Memorandum Opinion and Order that the charge in the Complaint and Count One are the same,[3] the Court finds upon reconsideration that they clearly are distinct and different charges. As noted by the Court, [i]f the superceding indictment adds a new charge, not in the complaint, or new information to the charge in the initial indictment, courts will not dismiss the superceding indictment, even if filed more than 30 days after the complaint was filed." *Memorandum Opinion and Order*, at 6-7. "[T]he Speedy Trial Act does not guarantee that an arrested individual indicted within thirty days of his arrest must, in that thirty-day period, be indicted for every crime known to the government, failing which he may never be charged. In short, the Speedy Trial Act is not a statute of limitations." *United States v. Wilson*, 762 F. Supp. 1501, 1502 (M.D. Ga.1991). Thus, the Court agrees with and adopts the Magistrate Judge's Findings and Recommendation "that the addition of the conspiracy count in the superceding indictment did not violate the Speedy Trial Act and that counsel was not ineffective for failing to seek dismissal." *Findings and Recommendation*, at 8.[4]

## III.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **ADOPTS AND INCORPORATES HEREIN** the remaining portion of the Magistrate Judge's Findings and Recommendation, **DENIES** Movant's remaining objection, and **DISMISSES** this action from the docket of the Court.

---

[3]*See* Memorandum Opinion and Order, at 8-9.

[4]As this resolves the remaining objection to the Findings and Recommendations, the Court does not address any new or otherwise unresponsive arguments Movant raised in his response to the Court's Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

                ENTER:      May 5, 2009

                ROBERT C. CHAMBERS
                UNITED STATES DISTRICT JUDGE